JUDGE CROTTY

12 CIV 0625

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X Case No.
CHRISTOPHER LOPEZ, on behalf of himself
individually and all others similarly situated

                                      Plaintiff,      CLASS ACTION
                                                        COMPLAINT



      -against-

FINANCIAL RECOVERY SERVICES, INC.

                                      Defendant.
------------------------------------------------------------------X

        Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.     This is an action brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to the New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

## PARTIES

        2.     Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6), and is a foreign business corporation incorporated in Minnesota. Defendant uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5. That plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at a time within the knowledge of defendant, defendant began collecting a consumer debt allegedly incurred by plaintiff for personal purposes. Said debt was alleged by defendant to be in default.

7. That by letter dated June 21, 2011 defendant wrote to plaintiff in an attempt to collect said debt. Said letter was defendant's first written communication with plaintiff.

8. That said letter states in pertinent part:

"CLIENT: CHASE...CURRENT CREDITOR: CHASE"

Defendant sent no other letter to plaintiff within 5 days after the said June 21, 2011 letter.

## AS AND FOR A FIRST CAUSE OF ACTION
## FDCPA §§1692e, 1692e(10) and 1692g(a)(2)

9. That plaintiff re-alleges paragraphs 1 to 8 as if fully re-stated herein.

10. That the said letter violates the FDCPA, including but not limited to §1692g(a)(2), in that the letter does not identify the creditor to whom the debt is owed.

11. That the letter's reference to "CHASE" is too vague, as "CHASE" could refer to any one of a number of affiliated and unaffiliated entities colloquially referred to as "CHASE", for example "*Chase Home Finance, LLC*", "*JP Morgan Chase Bank, N.A.*", "*Chevy Chase, F.S.B.*", "*J.P. Morgan Chase National Corp. Services, Inc.,*" and "*Chase Bank, USA, N.A.*".

12. That neither plaintiff nor the least sophisticated consumer would know which "CHASE" is alleged to be owed the debt sought to be collected.

13. That, as a result of defendant's said insufficient identification of the creditor to whom the debt is owed, defendant is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's said letter constitutes a deceptive and misleading means used in an attempt to collect a debt.

## AS AND FOR A SECOND CAUSE OF ACTION
## NYGBL §349

14. That plaintiff re-alleges paragraphs 1 to 13 as if fully re-stated

15. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

16. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one sent to plaintiff.

17. That, on information and belief, defendant has a pattern of mailing thousands of collection letters directly to natural persons within New York State each year insufficiently or inadequately identifying in its letters the creditor on behalf of whom it attempts to collect debts.

18. That plaintiff is a reasonable consumer pursuant to the NYGBL and was confused and uncertain upon reading defendant's letter.

19. That plaintiff suffered confusion and anxiety upon reading the collection letter from defendant.

20. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

21. That plaintiff re-alleges paragraphs 1-20 as if fully re-stated herein.

22. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to plaintiff dated June 21, 2011; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as

undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(10) and 1692g(a)(2).

> The Class shall be defined as follows: All natural persons to whom were sent by defendant at an address within the United States an initial notice for the collection of a consumer debt, which notice contains the statement, in sum or substance: " CLIENT: CHASE...CURRENT CREDITOR: CHASE" or which letter identifies the creditor only as "CHASE".

The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

23.     That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters with an insufficient identification of the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§1692e, 1692e(10) and 1692g(a)(2).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

24. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of incompatible or varying standards of conduct for defendant and would not be in the interest of judicial economy.

25. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(1)(A) or 23(b)(3) of the Federal Rules of Civil Procedure.

26. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

27. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d) statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

(e) enjoining defendant from committing further deceptive acts and practices against plaintiff pursuant to NYGBL §349;

(f) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
January 20, 2012.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com